125 P.2d 344

## HESS v. WHEELING–LORDSBURG COPPER CO.

### No. 4705.

Supreme Court of New Mexico.

April 24, 1942.

C. C. Royall, of Silver City, and E. Forrest Sanders, of Lordsburg, for appellant.

Mechem & Hannett, of Albuquerque, and L. P. McHalffey, of Lordsburg, for appellee.

BICKLEY, Justice.

Final judgment and decree awarding recovery of money and mortgage foreclosure was entered in this cause September 11, 1940. No appeal was taken therefrom.

On February 21, 1941, appellant filed its motion to vacate Commissioners' Sale and Order of Confirmation thereof.

On September 26, 1941, there was entered an order entitled: "Order Overruling Motion to Vacate Commissioners' Sale and Confirmation Thereof."

On December 23, 1941, a motion for allowance of an appeal from the last-mentioned order was filed and on the same day, this motion was sustained and order granting appeal was entered.

Appellee has moved for a dismissal of the appeal on the ground that it was not timely applied for and allowed.

Assuming that the order overruling motion to vacate Commissioners' Sale and Confirmation thereof is an appealable order, it would be such only on the theory that it is a "Final order affecting a substantial right made after the entry of final judgment", appeals from such orders being allowable under the provisions of section numbered 2 of Rule V of Supreme Court Rules, which recites: "Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

This section also provides that application for allowance of appeal under the provisions thereof must be made within twenty days from the entry of the judgment, order, decision, or conviction appealed from.

The movant filed her brief in support of her motion to dismiss and no response has been made thereto. No requests have been made for oral argument.

It is apparent that the application for allowance of appeal was made too late and that we are without jurisdiction except to dismiss the appeal.

The motion to dismiss the appeal must be sustained, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.